IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.  23-CR-6146

DASMERE WRIGHT,

          Defendant.

## PLEA AGREEMENT

The defendant, DASMERE WRIGHT, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 115(a)(1)(B) (threatening a federal law enforcement officer), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing in the instant case.

2. The defendant acknowledges that, on January 18, 2023, the defendant pleaded guilty in Case No. 22-CR-6195-EAW, to a two-count Information charging violations of 21 U.S.C. § 844(a) (possession of controlled substances), for which the maximum possible

sentence for each count is a term of imprisonment of 1 year, a fine of at least $1,000 and up to $100,000, a mandatory $25 special assessment, and a term of supervised release of 1 year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing in Case No. 22-CR-6195-EAW. The parties intend to consolidate Case No. 22-CR-6195-EAW and the instant case for purposes of sentencing.

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 4 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶¶ 1 and 2 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

4. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

> First, that the defendant threatened to murder a federal law enforcement officer; and
>
> Second, that the defendant acted with the intent to retaliate against such federal law enforcement officer on account of the performance of official duties.
>
> The term "Federal law enforcement officer" includes a United States Probation Officer. 18 U.S.C. § 115(c)(1).

## FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On or about April 6, 2023, in the Western District of New York, the defendant, DASMERE WRIGHT, did threaten to murder a United States Probation Officer with the initials J.B., who is a federal law enforcement officer, with the intent to retaliate against J.B. on account of the performance of J.B.'s official duties.

   b. Specifically, on or about April 6, 2023, the defendant was a federal inmate housed at the Yates County Jail. At approximately 12:42 p.m., the defendant placed a phone call to a female, during which he stated, "I'ma kill this [expletive] [J.B.] bro, I swear to god bro, [expletive] cracker bro got me in here bro."

   c. Prior to the phone call and his incarceration at Yates County Jail, the defendant had been released on bond conditions and reported to J.B. for pretrial monitoring. As part of his official duties, J.B. petitioned the Court to have the defendant's bond status revoked based on violations committed by the defendant, which caused the defendant to be remanded into custody, where he remained at the time of the call described in ¶ 5(b), above. The parties agree that J.B. is a "federal law enforcement officer" within the meaning of 18 U.S.C. § 115(c)(1).

   d. The defendant admits and agrees that the above statement during the telephone call constituted a threat to murder J.B. and that the defendant made the threat with the intent to retaliate against J.B. on account of the performance of J.B.'s official duties, that is, to retaliate against J.B. for J.B.'s role in getting the defendant's bond status revoked and the defendant detained.

## III.    SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines § 2A6.1(a)(1) applies to the offense of conviction in the instant case and provides for a base offense level of 12.

8. The government and the defendant further agree that Guidelines § 2D2.1(a)(1) applies to the offenses of conviction in Case No. 22-CR-6195-EAW and provides for a base offense level of 8.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

9. The government and the defendant agree that the following specific offense characteristic applies to the offense of conviction in the instant case:

   a. the four-level decrease pursuant to Guidelines § 2A6.1(b)(6) (single instance without deliberation).

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

10. The government and the defendant agree that the following adjustment to the base offense level applies to the offense of conviction in the instant case:

    a. the six-level increase of Guidelines § 3A1.2(b) (official victim).

## ADJUSTED OFFENSE LEVEL

11. Based on ¶¶ 7 through 10 of this agreement and Guidelines § 3D1.4(b), it is the understanding of the government and the defendant that the defendant's combined adjusted offense level is 15.

## ACCEPTANCE OF RESPONSIBILITY

12. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 13.

## CRIMINAL HISTORY CATEGORY

13. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

14. It is the understanding of the government and the defendant that, with a total offense level of 7 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 12 to 18 months, a fine of $5,500 to $55,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

15. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

5

16. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

17. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

### IV. STATUTE OF LIMITATIONS

18. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

### V. REMOVAL

19. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

20. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

21. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 23-MJ-4088.

22. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

23. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence

7

imposed by the Court in the instant case and in Case No. 22-CR-6195-EAW, which falls within or is less than a sentence of imprisonment of 12 to 18 months, a fine of $5,500 to $55,000, and supervised release of 1 to 3 years, notwithstanding the manner by which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

24. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25. The government waives its right to appeal any component of a sentence imposed by the Court in the instant case and in Case No. 22-CR-6195-EAW, which falls within or is greater than the imprisonment of 12 to 18 months, a fine of $5,500 to $55,000 and supervised release of 1 to 3 years, notwithstanding the manner by which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## TOTAL AGREEMENT AND AFFIRMATIONS

26. This plea agreement represents the total agreement between the defendant, **DASMERE WRIGHT**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS<br>
United States Attorney<br>
Western District of New York

BY: _____
 KATELYN M. HARTFORD
 Assistant United States Attorney

Dated: August 16, 2023

I have read this agreement, which consists of pages 1 through 9. I have had a full opportunity to discuss this agreement with my attorney, BRYAN S. OATHOUT, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____  _____
DASMERE WRIGHT   BRYAN S. OATHOUT, ESQ.
Defendant   Attorney for the Defendant

Dated: August 16, 2023   Dated: August 16, 2023