PROB 12B
(12/98)

# United States District Court

For

## The Western District of New York

### Request for Modifying the Conditions or Term of Supervision
### With Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

**Name of Offender:** Dasmere Wright      **Case Numbers:** 6:23CR06146-001

**Name of Sentencing Judicial Officer:** Honorable Elizabeth A. Wolford, Chief U.S. District Judge

**Date of Original Sentence:** November 2, 2023

**Original Offense:** Threatening a Federal Law Enforcement Officer, in violation of 18 U.S.C. §115(a)(1)(B) and §115(b)(4)

**Original Sentence:** Eighteen (18) months imprisonment; followed by three (3) years supervised release. Sentence to run concurrent to Docket Number 6:22CR06195-001. Special conditions include substance abuse testing/treatment, mental health, and search. Financial penalties include $100.00 Special Assessment.

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** April 26, 2024

## PETITIONING THE COURT

☐ To extend the term of supervision for ____ years, for a total term of ____ years.
☒ To modify the conditions of supervision as follows:

The defendant shall comply with the conditions of the Location Monitoring Program (curfew component) for a period of three (3) months. This curfew shall be from 8:00 p.m. to 8:00 a.m., or as adjusted by the U.S. Probation Office to be less restrictive for employment, counseling, emergencies, or other acceptable reasons. This will be monitored by a Global Positioning Satellite System and the defendant shall wear (an) electronic monitoring device(s) and shall follow the monitoring procedures as outlined in Probation Form 61. The defendant is required to contribute to the cost of services rendered (co-payment).

### CAUSE

On April 26, 2024, Mr. Wright was enrolled in the Random Urine Program, which requires enrollees to call a hotline Sunday through Thursday to inquire if they need to report for a random urine screen. Since being enrolled, Mr. Wright failed to call the hotline a total of eighteen (18) times and failed to report as instructed for urine screening a total of four (4) times.

On May 3, 2024, Mr. Wright submitted a urine sample which yielded positive for alcohol. On May 7, 2024, Mr. Wright initially denied alcohol use, however, subsequently admitted to consuming it in large quantities. At that time, he was given a verbal warning and was referred to Huther Doyle for substance abuse treatment.

RE:   DASMERE WRIGHT
      6:23CR06146-001

On May 17, 2024, Mr. Wright submitted to a breath test which yielded positive for alcohol and admitted to continued alcohol use. Additionally, Mr. Wright reported that he is unsure of his ability to maintain sobriety due to his mental health and lack of prosocial supports. At that time, he was instructed to reach out to his mental health and substance abuse counselors to address his mental health struggles and ongoing alcohol use. Additionally, he was instructed to contact this Officer each Friday to set up an in-office appointment for the following week. Since given instructions, Mr. Wright failed to contact this Officer to set up appointments a total of four (4) times.

On June 4, 2024, Mr. Wright submitted a urine sample which yielded positive for alcohol. At that time, he was instructed to reach out to his counselor at Huther Doyle to address his ongoing alcohol use. On June 7, 2024, the director at Huther Doyle contacted this Officer and advised that Mr. Wright reported consuming no more than two (2) shots of alcohol at a time, despite previously reporting to this Officer that consumes large amounts of alcohol and struggles with sobriety. The director further advised that Mr. Wright presented with a poor attitude. On June 12, 2024, the above-mentioned was addressed with Mr. Wright, at which time, he admitted to continued alcohol use and being dishonest with Huther Doyle regarding his alcohol use. To address Mr. Wright's dishonesty with Huther Doyle and to come up with a treatment plan that is conducive to his success on supervision, this Officer will be attending a session in the near future with both Mr. Wright and his substance abuse counselor.

Given the above-mentioned, our office recommends the above-noted condition for the purpose of providing Mr. Wright the structure needed to hold him accountable while providing him the opportunity to work with treatment to address his mental health and substance use.

For Your Honor's review, attached is the Probation 49 Form, which has been reviewed with Mr. Wright. He acknowledged full understanding and agreed to the modification as noted above.

| Reviewed by: | Respectfully submitted, |
|---|---|
| _____ | by _____ |
| Xochitl M. Morales | Amber L. Hartman |
| Supervising U.S. Probation Officer | U.S. Probation Officer |
| | Date: July 1, 2024 |

RE: DASMERE WRIGHT
6:23CR06146-001

---

THE COURT ORDERS:

- ☐ No Action
- ☐ The Extension of Supervision as Noted Above
- ☒ The Modification of Conditions as Noted Above
- ☐ Other

*[signature]*
Honorable Elizabeth A. Wolford

July 1, 2024
Date

PROB 49
(Revised 11/98)

# United States District Court
## Western District of New York

## Waiver of Hearing to Modify Conditions
## Of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing. I further understand that all previously imposed conditions will remain in effect.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall comply with the conditions of the Location Monitoring Program (curfew component) for a period of three (3) months. This curfew shall be from 8:00 p.m. to 8:00 a.m., or as adjusted by the U.S. Probation Office to be less restrictive for employment, counseling, emergencies, or other acceptable reasons. This will be monitored by a Global Positioning Satellite System and the defendant shall wear (an) electronic monitoring device(s) and shall follow the monitoring procedures as outlined in Probation Form 61. The defendant is required to contribute to the cost of services rendered (co-payment).

Witness: _____
Amber Hartman
U.S. Probation Officer

Signed: _____
Dasmere Wright
Supervised Releasee

6/17/24
Date